CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 08, 2026

LAURA A. AUSTIN, CLERK
BY:
      s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TARA CARNICE RICHARDS,            )
                                  )
              Plaintiff,          )        Case No. 7:25-cv-00108
                                  )
v.                                )        **MEMORANDUM OPINION**
                                  )
SHARON DEAL, *et al.*,            )        By:    Hon. Thomas T. Cullen
                                  )               United States District Judge
              Defendants.         )

Plaintiff Tara Carnice Richards, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Sharon Deal and the Fluvanna Correctional Center for Women Medical Department (the "FCCW Medical"). (*See* Am. Compl. [ECF No. 9].) She appears to allege that Defendants were deliberately indifferent to her serious medical needs. (*See id.*) This matter is before the court on Defendant FCCW Medical's motion to dismiss. (Mot. to Dismiss [ECF No. 18].) For the following reasons, the court will grant the motion and dismiss Plaintiff's claims against FCCW Medical.

**I.**

Plaintiff's claims stem from the following allegations. In October of 2024, Plaintiff underwent carpal tunnel surgery on her right hand at the University of Virginia Medical Center. (Am. Compl. 2–3.) On January 24, 2025,[1] Plaintiff's stiches were removed. (*Id.* at 3.) But when the middle part of her hand became infected, she required a second surgery. (*Id.*) Plaintiff

---

[1] Plaintiff's amended complaint lists this date as "1-24-24," but her other allegations indicate that this was likely a mistake and that the events described took place after her carpal tunnel surgery in 2025 rather than 2024. (*See* Am. Compl. 3.)

alleges that her hand is now "a disability" and that, as of July 26, 2025, her fingers were still numb and she was experiencing difficulty moving the middle part of her hand. (*Id.*)

FCCW Medical has moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. (*See* Mot. to Dismiss). On February 4, 2026, the court issued a notice in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff that she had 28 days from the date of the notice to file a response to the motion. (ECF No. 20.) The court cautioned Plaintiff that, "[i]f no response [was] timely filed, the Court may decide the matter without further notice." (*Id.* at 2.) More than 28 days have passed, and Plaintiff has not filed a response opposing the motion to dismiss. FCCW Medical's motion is therefore ripe for review.

**II.**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent

- 2 -

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

## III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

FCCW Medical argues for dismissal of the claims against it on the grounds that it is not a "person" subject to suit under § 1983 and, as an arm of the State, it is entitled to sovereign immunity under the Eleventh Amendment. (Memo. in Supp. of Mot. to Dismiss 2–3 [ECF

- 3 -

No. 19].) FCCW Medical is correct that it is not a proper defendant and that the claims against it are therefore subject to dismissal. "The medical department of a prison may not be sued because it is not a person within the meaning of § 1983." *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71 (1989); *Fischer v. Cahill,* 474 F.2d 991, 992 (3d Cir. 1973)). Accordingly, Plaintiff cannot proceed with her claims against FCCW Medical.

Plaintiff has not raised any allegations specific to the actions of individual employees of FCCW Medical. (*See* Am. Compl. 2 (alleging that "stiches w[ere] removed, the middle part of my hand got infected").) The allegations in her amended complaint, however, suggest that there could be individuals employed by FCCW Medical who rendered constitutionally deficient medical treatment to her while she was incarcerated. And the Fourth Circuit has directed that, "where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the district court should afford [her] a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise [her] how to proceed, and direct or permit amendment of the pleadings to bring that person or persons before the court." *Harden*, 27 F. App'x at 178. (*See also* ECF No. 8, at 2 (giving Plaintiff an opportunity to amend her original complaint against Fluvanna Correctional Center for Women after advising her that the prison was not a "person" subject to suit under § 1983).) Consistent with this directive, the court will grant FCCW Medical's motion to dismiss the claims against it but will allow Plaintiff one final opportunity to file a second amended complaint which names as Defendants any individuals employed by FCCW Medical whom she believes are liable for their deliberate indifference to her medical needs.

- 4 -

## IV.

For the reasons set forth above, the court will grant FCCW Medical's motion to dismiss.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 8th day of April, 2026.


/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE